IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUIS GILBERT TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-01790 |
| ) | |
| DEBRA JOHNSON, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Petitioner Louis Gilbert Turner, a prisoner in state custody, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No. 1.) Pending before the Court is Respondent Debra Johnson's Motion to Dismiss, (Docket Entry No. 14) to which Petitioner has responded. (Docket Entry No. 28) For the reasons set forth below, Respondent's Motion to Dismiss (Docket Entry No. 14) will be **GRANTED**.

### I. LIMITATIONS PERIOD AND RELEVANT FACTS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. Under this provision, the limitations period runs from the latest of four enumerated events, only one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

---

[1]The statutory period may also begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D).

Following a jury trial, Petitioner was convicted on October 10, 2001, of first degree murder and sentenced to life in prison. (Docket Entry No. 1, at 1.) The state court of criminal appeals denied relief on direct appeal, *Tennessee v. Turner*, No. M2002-01000-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 201 (Tenn. Crim. App. March 7, 2003), and the state supreme court denied permission to appeal on July 7, 2003. *State v. Turner*, No. M2002-01000-SC-R11-CD, 2003 Tenn. LEXIS 640 (Tenn. July 7, 2003). The AEDPA limitations period began to run 90 days later, on October 6, 2003,[2] when Petitioner's time to petition the United States Supreme Court for certiorari expired. *See* Supreme Court Rule 13.1 (90 day deadline); *Payton v. Brigano*, 256 F.3d 405, 409 (6th Cir. 2001). Petitioner filed a petition for post-conviction relief on April 1, 2004 (Docket Entry No. 1, at 3), and tolled his federal limitations period after 178 days had elapsed. The trial court denied post-conviction relief on January 13, 2006 (Docket Entry No. 1, at 3), and his limitations period began to run again on February 13, 2006, upon the expiration of his time to file a notice of appeal to the state appellate court.[3] *See* Tenn. R. App. P. 4(a) (30 day appeal deadline).

Petitioner's AEDPA limitations period expired on August 21, 2006, the Monday following the lapse of another 187 days. *See* Fed. R. Civ. P. 6(a)(1)(C). None of his state court filings after that date affect that expiration, because the AEDPA tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations bar. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). The current Petition is deemed filed on August 28, 2014, the date on which it was placed in the prison mail for delivery. (Docket Entry No. 1, at 14; Docket Entry No. 1-2.) It is thus more than eight

---

[2]The 90th day was actually October 5, 2003, which fell on a Sunday; Petitioner's deadline was therefore Monday, October 6. Supreme Court Rule 30.1.

[3]Again, the 30th day was actually February 12, 2004, which fell on a Sunday; Petitioner's deadline was therefore Monday, February 13. Tenn. R. App. P. 21(a).

years late.

The Petition itself does not expressly address the timeliness of his Petition under § 2244(d). (Docket Entry No. 1, at 13.) However, in his Addendum's recitation of grounds raised in state court, Petitioner asserts that his post-conviction counsel withdrew without filing an appeal or even informing him of the trial court's denial of post-conviction relief, and that Petitioner only became aware of the denial on July 25, 2012. (*Id.* at 3; Docket Entry No. 1-1, at 1, 2, 4.) Since that time, Petitioner has engaged in several unsuccessful attempts to appeal or re-open his state post-conviction action. Specifically, on or around September 7, 2012, he filed a motion asking the post-conviction trial court to re-enter judgment in his post-conviction action, which that court denied on October 25, 2012. (Docket Entry No. 1-1, at 2; Docket Entry No. 18, at 3.) On January 24, 2012, Petitioner filed a motion in the Tennessee Court of Criminal Appeals seeking permission to pursue an untimely appeal, which that court denied on February 5, 2013. (Docket Entry No. 16-15.) He filed a motion for rehearing on February 25, 2013, which the court denied on March 14, 2013 (Docket Entry No. 1-1, at 4; Docket Entry No. 16-13), and the Tennessee Supreme Court denied permission to appeal on September 11, 2013.[4] (Docket Entry No. 16-16.) While Petitioner's application to appeal that case to the state supreme court was pending, on March 21, 2013, he filed a motion to reopen his post-conviction action (Docket Entry No. 17-1, at 1–11), which the trial court denied by order filed April 22, 2013. (*Id.* at 27–36.) The Tennessee Court of Criminal Appeals affirmed that decision on July 3, 2013. (Docket Entry No. 16-14.) Petitioner asserts that his delay "is not his fault, but the fault of court appointed counsel after the post conviction hearing, and the trial court and clerk." (Docket Entry No. 1-1, at 15.)

---

[4]Although Respondent indicates that this Rule 11 denial was on Petitioner's attempt to appeal the later denial of his motion to reopen his post-conviction action (Docket Entry No. 15, at 2), the state court's docket number – M2013-00294 – clearly connect it with the untimely appeal litigation. (*Compare* Docket Entry Nos. 16-15 (state docket no. M2013-00294-CCA-MR3-PC) *and* 16-16 (state docket no. M2013-00294-SC-R11-PC) *with* Docket Entry No. 16-14 (state docket no. M2013-01233-CCA-R28-PC).)

Petitioner elaborates on this theory in his response to the motion to dismiss, in which he seeks equitable tolling of the statute of limitations. Specifically, he explains that the post-conviction trial court took his case under advisement after a hearing on November 7, 2005, and that he wrote to his counsel repeatedly after the hearing making clear his desire to appeal in the event of an adverse decision. (Docket Entry No. 28, at 1–2.) He attaches copies of letters to his counsel dated December 7, 2005 and January 5, 2006, that do convey that desire and expressly ask counsel to send him a transcript of the hearing and "inform me of the Judges [sic] decision as soon as you know something." (Docket Entry Nos. 28-1 and 28-2.) As the parties are all now aware, the state court ruled against Petitioner by order dated January 13, 2006. But in a letter from Petitioner to his post-conviction counsel notarized on April 26, 2006, Petitioner was still asking counsel whether the judge had ruled and seeking a transcript from his hearing. (Docket Entry No. 28-5.) Petitioner also submits copies of inmate trust account withdrawal slips reflecting phone calls from him to counsel in February, March and December of 2006, and he states that "Petitioner had called Post-Conviction Counsel by telephone several times (before and after the judgment) about the status of the case." (Docket Entry No. 28, at 3 n.7; Docket Entry No. 28-4.) Petitioner does not claim that the calls were not answered or otherwise explain why he failed to discover during the calls that his petition had been denied in January 2006. Finally, he claims that although he began to write letters to the post-conviction trial court "in late 2006" and wrote approximately every six months thereafter, the clerk of that court did not respond with a copy of the January 2006 order until July 25, 2012. (Docket Entry No. 28, at 2–3.) He does not attach copies of the alleged correspondence with the post-conviction court.

## II. EQUITABLE TOLLING ANALYSIS

AEDPA's one-year statute of limitations may be subject to equitable tolling under appropriate circumstances, allowing courts to review otherwise time-barred habeas petitions where the failure to file in a timely fashion "unavoidably arose from circumstances beyond that litigant's

4

control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012); *accord Holland v. Florida*, 460 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). This is a fact-intensive inquiry to be evaluated on a case-by-case basis, and Petitioner carries "the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling*, 673 F.3d at 462.

Serious attorney misconduct such as abandonment may constitute extraordinary circumstances in this analysis, and "a client [cannot] be faulted for failing to act on his behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Maples v. Thomas*, 132 S. Ct. 912, 923–24 (2012). The Sixth Circuit has explained:

> Both ineffective assistance of counsel and a substantial, involuntary delay in learning about the status of [petitioner's] appeals may constitute extraordinary circumstances sufficient to warrant relief. Despite the presence of such circumstances, the statute of limitations will only be tolled if the circumstances were both beyond the control of the litigant and unavoidable with reasonable diligence.

*Keeling*, 673 F.3d at 462 (citation and internal quotation marks omitted).

The fact that Petitioner was still writing his post-conviction counsel in April 2006 asking about a ruling that – unbeknownst to him – had been issued more than three months earlier, establishes that Petitioner's counsel did not notify him of that ruling in a timely fashion, and that Petitioner did suffer "a substantial, involuntary delay" in learning of that event. But Petitioner's equitable tolling argument fails because he had ample reason to know that his attorney was not properly attending to his case, yet still failed to act with any urgency to promote his cause. Even in the absence of any formal notice of withdrawal, the fact that Petitioner's counsel failed to respond to any of his correspondence from December 2005 through April 2006 should have put Petitioner on notice that there was a critical need for him to discover the status of his case and take

5

appropriate action to preserve his rights.  Instead, even crediting his unsubstantiated account,[5] Petitioner waited until "late 2006" to begin sending semi-annual letters to the trial court, and was then content to receive no response for **_more than five years_** until he finally learned in July 2012 of the January 2006 dismissal.  Petitioner's minimal efforts during those years do not amount to diligence.

Even after the July 2012 discovery, Petitioner was not diligent in pursuit of federal habeas corpus review.  Instead, he waited **_another twenty-five months_** – until August 2014 – to file his Petition.  Petitioner's intervening efforts to exhaust his remedies in state court do not excuse his knowingly delaying more than two more years before filing an already-late habeas petition.  Another district court in this circuit has refused to apply equitable tolling due to the petitioner's additional post-discovery delay in filing in federal court:

> Petitioner also did not immediately file his habeas corpus petition upon learning that his attorney had abandoned him, as did the petitioner in *Holland*.  Instead, he filed his "motion for factual basis hearing" in state court . . ..  As stated by the Sixth Circuit Court of Appeals in its order denying petitioner a certificate of appealability, "[t]he untimeliness of Matthews's petition was not caused by any extraordinary or compelling event.  Rather, it was caused by Matthews's repeated attempts to file actions in the state courts of Michigan instead of proceeding to federal court." *Matthews v. Woods*, No. 10-1361, slip op. at 3 (6th Cir. Feb. 18, 2011) (unpublished).
>
> Petitioner may have been trying to exhaust state remedies for his claim of new evidence before filign his habeas corpus petition.  But, as noted above, he could have filed a protective habeas corpus petition in federal court and asked the Court for a stay while he pursued additional state court remedies.

*Matthews v. Woods*, No. 09-10214, 2012 WL 4811293, at *3 (E.D. Mich. Oct. 10, 2012), *aff'd*, *Matthews v. Maclaren*, No. 12-2411, slip op. (6th Cir. May 15, 2013).  Any claim of entitlement to equitable tolling that Petitioner might hypothetically have had in July 2012 has been destroyed by his failure to file his petition promptly at that time.

Petitioner suggests that *Martinez v. Ryan*, 566 U.S. –, 132 S. Ct. 1309 (2012) somehow

6

excuses his untimeliness. But "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 106 (2014). In other words, while *Martinez* might arguably have excused Petitioner's default of his issues in state court because of the alleged ineffective assistance of his post-conviction counsel, it has no impact on the timeliness of his federal petition.

### III. CONCLUSION

Petitioner has not carried his burden of establishing that he is entitled to equitable tolling in order to deem his Petition timely. Accordingly, the Petition is time-barred by AEDPA and will be dismissed.

An appropriate Order is filed herewith.

_____
TODD CAMPBELL
United States District Judge